Elizabeth M. McBride
McBRIDE LAW OFFICE
28 W Indiana, Ste G
Spokane, WA 99205
(509) 838-0435

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

*In re:*
William Dalziell
Barbara Dalziell

Debtors.

No. 19-01084-FPC13

REPLY TO RESPONSE OF TAYLOR BEAN

In response to the previous brief filed in this case, Taylor Bean asserts that the installment nature of the Deed of Trust continues with the deficiency. It is accepted that neither the Note nor the Deed of Trust carried terms which automatically accelerated the balance of the loan at the time the property was foreclosed on. That fact does not allow Taylor Bean to sit on the right to accelerate and not pursue remedies. Nothing has been done on this deficiency for a full eleven years.

The Deed of Trust and Note became unsecured August 1, 2008 when Taylor Bean issued a Trustee Deed on behalf of Federal Home Loan Mortgage Corporation in the foreclosure of the first mortgage. This lack of action supports the exception to the rule regarding mortgage notes and installments. Taylor Bean is estopped from claiming that the statute of limitations runs from each payment as it would have come due because the loan was never accelerated. A creditor may not simply sit back and never accelerate or demand the loan due in order to prevent the statute of limitations from running on the total loan.

This was illustrated in the case of *Curry v. U. S. Small Business Admin.*, 679 F. Supp. 966, N.D. Calif. (1987). In *Curry*, the homeowner signed a loan secured against her home for a daycare business in 1970. The note would not mature for fifteen years or in 1985. In 1974, the payments on the note stopped. In discussions with the SBA over the next three years, no

REPLY TO RESPONSE
OF TAYLOR BEAN -1

ELIZABETH M. MCBRIDE, P.S.
A Professional Service Corporation
28 West Indiana Avenue, Suite G
Spokane, Washington 99205
(509) 838-0435
Fax (509) 327-2840

19-01084-FPC13    Doc 48    Filed 09/03/19    Entered 09/03/19 11:32:10    Pg 1 of 2

agreement for repayment was reached. Evidence of correspondence showed promises to get back into regular payments during 1978. The SBA did nothing until Curry requested that the deed be reconveyed in 1984. This prompted review of the loan and a response from the SBA that Curry must pay the loan current or face a foreclosure action. A Notice of Default followed and a Curry responded with a Quiet Title Action.

A reasonable person would have declared the loan due in full within 90 days of the default and telling Curry to pay up. The Curry court stated 'a party is not at liberty to stave off operation of the statute (of limitations) inordinately by failing to make demand.' *Rollison*, 629 F. Supp. at 584 n.2, citing *Nyhus v. Travel Management Corp.*, 466 F.2d 440, 452-53 (D.C.Cir.1972). In such cases, 'when statutorily unstipulated, the time for demand is ordinarily a reasonable time...[and] a matter of parties expectations....″ Nyhus, 466 F.2d at 453.'

That the acceleration clause must be asserted within a reasonable time was addressed in *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1490-91 (9th Cir. 1993). The *Cabezas* case involved a deficiency judgment suit on a defaulted installment loan that was never accelerated. The holder cannot fail to invoke the acceleration and never start the time for the statute to run.

The debt that is being collected on is no longer an installment note and Deed of Trust. The collateral being long gone, the debt is a deficiency. If the debt is still characterized as an installment note, acceleration of the balance is set at a reasonable time from default. That time is more than six years ago.

Respectfully submitted this 3rd day of September, 2019.

Elizabeth M. McBride, P.S.

_____
Elizabeth M. McBride
WSBA # 16035

REPLY TO RESPONSE
OF TAYLOR BEAN -2

ELIZABETH M. MCBRIDE, P.S.
A Professional Service Corporation
28 West Indiana Avenue, Suite G
Spokane, Washington 99205
(509) 838-0435
Fax (509) 327-2810

19-01084-FPC13    Doc 48    Filed 09/03/19    Entered 09/03/19 11:32:10    Pg 2 of 2