Steven Mitnick, Esq.  
Marc D. Miceli, Esq.  
SM LAW PC  
PO Box 530  
49 Old Turnpike Road  
Oldwick, New Jersey 08858  
(908) 572-7275  

Honorable Frederick P. Corbit  
Response Due: September 17, 2019  
Hearing Date: September 25, 2019 at 3 pm  
By Telephone: (509) 353-3183  

*Attorney for Creditor, Taylor, Bean & Whitaker Mortgage Corp.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

In re:

WILLIAM DALZIELL
BARBARA DALZIELL

      Debtor.

No. 19-1084-FPC13

**SUPPLEMENTAL RESPONSE OF TAYLOR, BEAN & WHITAKER MORTGAGE CORP. TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 4**

1. Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), by and through its undersigned counsel, hereby files this supplemental response and opposition to the Debtor's Objection to TBW's Proof of Claim Number 4 (the "POC"), and respectfully states as follows:

2. As per the Court's hearing on September 10, 2019, TBW respectfully submits this supplemental response to the Debtor's Objection to its POC as to the of choice-of-law issue regarding which state's statute of limitations applies in this case; to wit, Washington or Nevada.

3. The Note at issue here, which has a maturity date of April 1, 2037, does not contain a choice-of-law provision. As such, "where a choice-of-law provision does not expressly include the statute of limitations, [the courts] have construed it as silent on the issue." In re Sterba, 852 F.3d. 1175, 1178 (9th Cir. 2017).

4. Where the contract is silent on which state's statute of limitations period controls, and the issue is before a federal Bankruptcy court, the Bankruptcy court must apply federal choice of law rules, which follow §142 of the *Restatement (Second) of Conflict of Laws*. In re Sterba, 852 F.3d. at 1179, citing, In re Vortex Fishing Sys., 277 F.3d. 1057, 1069 (9th Cir. 2001). The Second Restatement, §142, states that "[i]n general, unless the exceptional circumstances of the case make such a result unreasonable…The forum will apply its own statute of limitations barring the claim." In re Sterba, 852 F.3d. at 1179.

CREDITOR SUPPLEMENTAL RESPONSE – 1

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

19-01084-FPC13    Doc 56    Filed 09/17/19    Entered 09/17/19 13:30:24    Pg 1 of 3

5. In so holding, the Court in In re Sterba, examined the Court's decision in Des Brisay v. Goldfield Corp., 637 F.2d. 680, 682 (9th Cir. 1981) and described that holding as being "based on our recognition that choice-of-law provisions are concerned mainly with substantive law, and 'generally do not contemplate…statutes of limitation,' which are 'usually considered' a matter of local procedure 'related to judicial administration.'" In re Sterba, 852 F.3d. at 1178, citing Des Brisay, 637 F.2d. at 682 (citing Restatement (Second) of Conflict of Laws §122 cmt. a).

6. Indeed, this approach represents the clear majority rule in other jurisdictions where courts hold that a contractual choice-of-law provision will usually only determine which forum's substantive law governs the contract, and will not affect which State's statute of limitations applies to claims under or arising from the contract unless the provision says so explicitly. See Petrucci v. Esdaile, 2017 Mass. Super. LEXIS 65, *5 (Mass. Super. Ct. May 31, 2017) (citations omitted).

7. Accordingly, this Court should apply the six (6) year statute of limitations as set forth under *Wash. Rev. Code* §4.16.040(1), as applied to installment contracts pursuant to the holdings of 4518 S. 256th, LLC v. Karen L. Gibbon, PS, 195 Wn. App. 423, 434 (2016), Herzog v. Herzog, 23 Wn.2d. 382, 388, (1945) and U.S. Bank BA v. Ukpoma, 8 Wn. App. 2d. 254, 258 (2019).

8. As a final note, to the extent that the Debtor cites cases which suggest a laches type defense, such assertion should be rejected. This is an at-law breach of contract action. For these types of actions, the Washington Legislature has spoken and has been clear by fixing the limit of time by statutes of limitation within which such breach of contract rights may be asserted. As set forth in the statute, as well as the cases cited herein applying the installment theory, the period of time fixed by the statute has not expired. As such, the POC is timely under the law. See e.g., Auve v. Wenzlaff, 162 Wash. 368, 374 (1931) ("We have always held that, as to the defense of laches in equity, generally, we will be bound by the statute of limitations at law, unless some special reason is shown why a shorter period should be

CREDITOR SUPPLEMENTAL RESPONSE – 2

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

19-01084-FPC13    Doc 56    Filed 09/17/19    Entered 09/17/19 13:30:24    Pg 2 of 3

enforced."), citing, among others, Roger v. Whitham, 56 Wash. 190, 195 (1909) ("The action was begun within the period of limitation, and unless there be some controlling equity, the court will not conjure the doctrine of laches to defeat or destroy a statute fixing a time within which actions may be brought.")(citation omitted); and State ex. Rel. Kubel v. Plummer, 130 Wash. 135, 138 (1924) ("The doctrine of laches is grounded upon estoppel. (Citation omitted). And where we have, as in this state, a general statute of limitations, the doctrine of laches is not applied *sua sponte*." (citation omitted)). More recently Division III decided that unless there is eplicit acceleration, the note is not accelerated.

> Acceleration of an installment note must be made in a clear and unequivocal manner that effectively apprises the maker that the holder has exercised his right to accelerate the installment debt. Weinberg v. Naher, 51 Wash. 591, 594, 99 P. 736 (1909); 4518 S. 256th, 195 Wash. App. at 435, 382 P.3d 1; Glassmaker v. Ricard, 23 Wash. App. 35, 38, 593 P.2d 179 (1979).

U.S. Bank Nat'l Ass'n as Tr. of Holders of Adjustable Rate Mortgage Tr. 2007-2 v. Ukpoma, 438 P.3d 141, 144 (Wash. Ct. App. 2019)

9. It is respectfully submitted that there is no special reason to apply a shorter time period, nor has there been any showing in the record by the Debtor that any exceptional circumstances exist in this case warranting the application of another state's statute of limitations period other than Washington's.

10. Accordingly, it is respectfully submitted that the Debtor's motion be denied.

Dated: September 17, 2019

Respectfully submitted,

SM LAW PC
P.O. Box 530
Oldwick, New Jersey 08858
(908) 572-7275
*Attorneys for Creditor, Taylor, Bean & Whitaker Mortgage Corp.*

By: /s/ Marc D. Miceli

/s/ Marc S. Stern
Marc S. Stern WSBA 8194

CREDITOR SUPPLEMENTAL RESPONSE – 3

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

19-01084-FPC13    Doc 56    Filed 09/17/19    Entered 09/17/19 13:30:24    Pg 3 of 3